# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**KERRY LOUIS MORGAN, (# 15117)**                                                    **PETITIONER**

v.                                                                      **No. 3:09CV23-M-S**

**LAWRENCE KELLY, ET AL.**                                                        **RESPONDENTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Kerry Louis Morgan for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has moved to dismiss the petition as untimely filed. Morgan has not responded to the motion, and the deadline for response has expired. The matter is ripe for resolution. For the reasons set forth below, the state's motion to dismiss will be granted and the petition dismissed as untimely filed.

### Facts and Procedural Posture

The petitioner, Kerry Louis Morgan, is in the custody of Lawrence Kelly, Superintendent of the Mississippi State Penitentiary in Parchman, Mississippi. On January 29, 2004, Morgan pled guilty to one (1) count of aggravated assault on a police officer and one (1) count of receiving stolen property in the Circuit Court of Yalobusha County, Mississippi. At that time, he was sentenced as a habitual offender to serve thirty (30) years in the custody of the Mississippi Department of Corrections ("MDOC") for the aggravated assault charge, with twenty-eight years and eleven (11) months suspended, and also ordered to pay restitution and a fine to the Crime Victim's Compensation Fund. Further, Morgan was ordered to serve five (5) years in custody for the receiving stolen property charge, with three (3) years and eleven (11) months of post-release supervision, with the sentences to run concurrently. On December 30, 2004, the District

Attorney's Office filed a petition to revoke post-release supervision, alleging that Morgan violated his probation by failing to pay assessments and committing new crimes of uttering a forgery. On March 11, 2005, the circuit court, after a hearing, revoked Morgan's suspended sentence for aggravated assault and ordered him to serve a term of twenty-eight (28) years and eleven (11) months in the custody of the MDOC.

Morgan filed a motion for post-conviction relief in the Yalobusha Circuit Court on December 4, 2006 (signed on September 11, 2006). The motion was dismissed by the circuit court in an order filed March 2, 2007. Morgan appealed this decision to the Mississippi Supreme Court, and the Mississippi Court of Appeals affirmed the dismissal. *Morgan v. State*, 995 So.2d 787 (Miss. App. 2008), *reh'g denied* Aug. 12, 2008, *cert denied* Dec. 4, 2008 (Cause No. 2007-CP-00428-COA). Morgan filed his federal petition for a writ of *habeas corpus* on February 23, 2009.

## One-Year Limitations Period

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on

>collateral review; or

>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

>(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

Morgan argues that the circuit court should not have revoked his suspended sentence on March 11, 2005. Under Mississippi law, there is no direct appeal from the revocation of a suspended sentence. *Beasley v. State,* 795 So. 2d 539, 540 (Miss. 2001); *Griffin v. State,* 382 So. 2d 289, 290 (Miss. 1980). Morgan's judgment of conviction therefore became final on March 11, 2005, the date his suspended sentence was revoked. Thus, the deadline for him to file a federal petition for a writ of *habeas corpus* was one year later on March 13, 2006 (as March 11, 2006, was a Saturday). Although Morgan did seek state post-conviction collateral relief on December 4, 2006, he did not do so before the one-year deadline expired on March 13, 2006; as such, he does not benefit from statutory tolling under 28 U.S.C. § 2244(d)(2). *Grillete v. Warden,* 372 F.3d 765, 769 (5th Cir. 2004).

Under the "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the federal petition was

filed sometime between the date it was signed on February 19, 2009, and the date it was received and stamped as "filed" in the district court on February 23, 2009. Giving the petitioner the benefit of the doubt by using the earlier date, the instant petition was filed 1,074 days after the March 13, 2006, filing deadline. Morgan does not allege any "rare and exceptional" circumstance to warrant equitable tolling. *Ott v. Johnson,* 192 F.3d 510 (5th Cir. 1999). The instant petition will therefore dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 29th day of January, 2010.

>
> **/s/ MICHAEL P. MILLS**
> **CHIEF JUDGE**
> **UNITED STATES DISTRICT COURT**
> **NORTHERN DISTRICT OF MISSISSIPPI**